UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN AUCOIN** | * | **CIVIL ACTION:** |
| | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **DOVER BAY SPECIALTY** | * | |
| **INSURANCE COMPANY** | * | **MAGISTRATE:** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant, Dover Bay Specialty Insurance Company ("Dover Bay"), who, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, to the docket of this Honorable Court.

I.   **INTRODUCTION**

1. This is an insurance coverage and bad faith case. On January 19, 2023, Plaintiff, Stephen Aucoin, filed his Petition for Damages in Case No. 91625 in the 29th Judicial District Court for St. Charles Parish, Louisiana. *Exhibit A*. The suit arises from a claim for property damage and arbitrary and capricious, bad-faith related extra-contractual damages made by Plaintiff under his Dover Bay policy number XLB529901, which policy is incorporated by reference into Plaintiff's Petition and a certified copy of which is attached hereto. *Exhibit D*

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendant.

3. Plaintiff alleges multiple causes of action against Dover Bay related to Dover Bay's handling of an insurance claim submitted by Plaintiff following Hurricane Ida. Generally, Plaintiff alleges his property sustained wind-related damage during Hurricane Ida, which he asserts resulted

in significant damage to the covered property and contents thereof. *See Exhibit A* ¶ 4–5. Plaintiff further alleges that Dover Bay has failed to pay Plaintiff's property damage claim and failed to make a written offer to settle Plaintiff's property damage claim within thirty (30) days of receiving satisfactory proof of loss thereof. *See Exhibit A* ¶ 8-9 and ¶ 13-14. Plaintiff also alleges that Dover Bay's failure is arbitrary, capricious and without probable cause such that Dover Bay thereby breached its duty of good faith and fair dealing as prescribed under LSA-R.S. 22:1973 and LSA-R.S. 22:1892. See *Exhibit A* ¶ 19.

4.  Defendant did not file an Answer to Plaintiff's Petition for Damages in state court prior to removal, and thus will file its initial responsive pleadings in accordance with Federal Rule of Civil Procedure 81(c).

5.  Defendant now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the St. Charles Parish state court in which this case was previously pending.

**II.     GROUNDS FOR REMOVAL**

6.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete Diversity Exists Between the Parties**

7.  Plaintiff Stephen Aucoin is domiciled in St. Charles Parish, State of Louisiana and, thus, is a citizen of Louisiana. *See Exhibit A*.

8.  Upon information and belief, Dover Bay Specialty Insurance Company was, at the time this action was commenced, and still is, incorporated in and maintains its principal place of

business in Illinois. Accordingly, Dover Bay is a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

### B. The Amount in Controversy Exceeds $75,000.00

9. Additionally, the claims asserted by Plaintiffs exceed $75,000. Plaintiffs seek monetary damages under the Policy's coverages for dwelling, other structures, personal property and loss of use, as well as for mental anguish, statutory penalties, and attorney's fees. *Exhibit A* at ¶ 6 and ¶ 21.

10. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

11. To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs., Inc.*, 2017 WL 3447808, at *2 (W.D. La. Apr. 19, 2017), report and recommendation adopted, No. CV 17-0224, 2017 WL 3431845 (W.D. La. Aug. 9, 2017).

12. In this case, Plaintiff alleges that Dover Bay has failed to pay the amounts owed to Plaintiff for damage to their property – indeed, that "The actions and/or inactions of Dover Bay in

3

failing to timely and adequately compensate Petitioner for his covered loss under the Policy—despite having received satisfactory Proof-of-Loss following its own inspection of the Property—'were arbitrary, capricious, and without probable cause.'" and that "Defendant therefore violated La. R.S. 22:1892 and 22:1973, making Dover Bay liable for statutory bad faith penalties, attorney's fees, and costs." – *Exhibit A*, ¶ 19. Plaintiff further alleges that these failures entitle him to mental anguish, penalties, and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973. *Exhibit A*, ¶ 21.

13. The coverage limits on Plaintiff's homeowners policy amount to $334,900.00. The policy provides the following coverages: (1) 197,000.00 for dwelling; (2) $19,700.00 for dwelling extension; (3) $78,800.00 for contents; and (4) $39,400.00 for Loss of Use/ALE. Based on Dover Bay's information and belief, Dover Bay has paid Plaintiffs $17,246.33 under the terms of the policy: $16,651.01 for dwelling and dwelling extension; $350.00 for contents; and $245.32 for debris removal. Thus, the amount allegedly at issue under the policy itself is $317,653.67.

16. Furthermore, the insureds have submitted an estimate totaling $74,267.49 to repair their insured property. *Exhibit C*. Further, if Plaintiff was able to meet his burden of proving that Dover Bay arbitrarily failed to timely pay the amounts owed to Plaintiff, then Dover Bay may be liable for 50% damages on the amount found to be due to the Plaintiff. *See* La. R.S. 22:1892(B)(1). This amount does not include attorney's fees, which are also sought by Plaintiff. *See Exhibit A*, ¶ 19 and ¶ 21.

17. Plaintiff also claims that he is entitled to additional payments under their policy with Dover Bay. *See Exhibit A*, ¶ 21. Thus, the combination of the amounts claimed by Plaintiff pursuant to his Dover Bay policy with the amount of penalties and attorney's fees sought by Plaintiff exceeds $75,000.

### C. The Plaintiff Did Not File A Binding Stipulation Limiting Recovery *With The Petition*

18. To determine whether jurisdiction is present for removal, the federal courts consider the claims made in the state court petition as they existed at the time of removal. *See Manguno v. Prudential Property & Casualty Inc. Co.*, 276 F.3d 720 (5th Cir. 2002).

19. The United States Supreme Court has held that, with respect to the amount in controversy, a plaintiff must make all information known at the time he files the complaint. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). Further, the Fifth Circuit has held that when a state law prohibits a plaintiff from including an *ad damnum* clause, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412, *quoting In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992) (per curiam), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 US 283, 58 S.Ct. 586 (1938). The state court stipulation from the plaintiff must include the renunciation of the right to enforce a judgment in an amount greater than $75,000. *See Davis v. State Farm and Casualty, et. al.,* 2006 WL 1581272, *2 (E.D.La. 2006).

20. No such binding stipulation and renunciation has been made.

21. While Dover Bay admits neither liability nor any element of damages, under the rules of *De Aguilar, Allen* and *Davis,* Dover Bay has met its burden of showing that that the amount in controversy is likely in excess of $75,000.

### III. VENUE

22. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 29th Judicial District Court for the Parish of St. Charles.

### IV. PROCEDURAL REQUIREMENTS

23. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Plaintiff's Original Petition for Damages |
| B. | Dover Bay's Certificate of Compliance |
| C. | Plaintiff's Capital Disaster Services Estimate |
| D. | Certified Copy of Dover Bay Policy |
| E. | Copy of the State Court Record |

22. This Notice of Removal is being filed within thirty (30) days of January 27, 2023, the date on which Dover Bay's registered agent for service of process was served with Plaintiff's Petition. *See Exhibit A.* This notice of removal is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiff and Dover Bay with regard to the legal issues herein and this controversy and the amount thereof is within the jurisdiction of this Court.

23. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. *Exhibit E.*

24. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *Exhibit B.*

25. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana promptly after filing of same. *Exhibit B.*

26. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join and consent to the removal of this action. Defendant Dover Bay Specialty Insurance Company is the sole defendant named in Plaintiff's Petition.

27. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendant, Dover Bay Specialty Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

 */s/ Paul Babineaux*
DAVID A. STRAUSS, #24665
PAUL A. BABINEAUX, #38664
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone:    (504)380-0290
Facsimile:    (504)332-8434
dstrauss@smd-law.com
pbabineaux@smd-law.com
*Attorneys for Dover Bay*
*Specialty Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Paul A. Babineaux*
PAUL A. BABINEAUX